**Davit AGHAZARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75016.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Boris Baladjanian, Law Offices of Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

## MEMORANDUM**

Davit Aghazaryan, a native of Iran and a citizen of Armenia, petitions for review of an order of the Board of Immigration Appeals summarily affirming an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review

for substantial evidence, *Chen v. Ashcroft,* 362 F.3d 611, 617 (9th Cir.2004), and we grant the petition for review and remand for further proceedings consistent with this disposition.

The IJ based her adverse credibility finding on one inconsistency regarding the identity of the director who allegedly interfered with hospital records. However, Aghazaryan did not himself state that Slavick was this director, and the IJ did not give Aghazaryan an opportunity to explain the inconsistency that arose when he responded to the IJ's compound question. *See id.* at 618. Substantial evidence therefore does not support the adverse credibility finding.

The IJ did not make a finding regarding past persecution. We remand so that the agency may make this determination in the first instance. *See INS v. Ventura,* 537 U.S. 12, 16, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

The IJ's conclusions regarding the nexus and the source of the alleged persecution were reached without any analysis or explanation and were made without the benefit of our decision in *Mamouzian v. Ashcroft,* 390 F.3d 1129 (9th Cir.2004). Without expressing an opinion about the IJ's conclusions regarding those issues, we remand for analysis consistent with *Mamouzian.*

Because we find that the adverse credibility finding was not supported by substantial evidence, and Aghazaryan's claims for withholding of removal and CAT protection rested upon his testimony, we also remand so that the agency may consider whether, taking Aghazaryan's testimony as true, he established eligibility for withholding or CAT protection. *See Farah v. Ash-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*croft,* 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION FOR REVIEW GRANTED; REMANDED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.